# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

|  |  |
|---|---|
| **RICKY LEE MCDEID**, | Civil No. 05-0911 (RHK/JGL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| **DEAN MOONEY, Director of the Minnesota Sex Offender Program,** | |
| Respondent. | |

## APPEARANCES

Ricky Lee McDeid, pro se

Angela M. Helseth, Esq., Assistant Attorney General, for Respondent

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter is before the undersigned Chief Magistrate Judge of District Court on Petitioner Ricky Lee McDeid's Petition pursuant to 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1). The matter has been referred to the undersigned for a Report and Recommendation pursuant 28 U.S.C. § 636 and D. Minn. LR 72.1. For the reasons set forth below, the Court recommends that the petition be denied and the action be dismissed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner McDeid is under an Itasca County District Court order of civil commitment to the Minnesota Sex Offender Program as a sexually dangerous person ("SDP") and a sexual psychopathic personality ("SPP"). (Respondent's Appendix ("RA") at 1-16, 22-32.)  Respondent Dean Mooney is the Director of Minnesota Sex Offender Program, where McDeid is currently being held, and which is run by the Minnesota Department of Human Services ("DHS").

On December 16, 1992, McDeid pleaded guilty to the following counts of criminal sexual conduct: one count of criminal sexual conduct in the second degree for sexually assaulting his fifteen-year-old cousin in 1984 and 1985; one count of criminal sexual conduct in the second degree for sexually abusing his nine-year-old nephew on several occasions between 1989 and 1991; one count of criminal sexual conduct in the second degree for sexually abusing his fifteen-year-old son in July 1991; and one count of criminal sexual conduct in the second degree for sexually abusing another son from 1989 to 1992, when the boy was between the ages of six and nine.  (RA at 4-7.)  McDeid was sentenced to seventy-eight months in prison.  (Id.)

On December 17, 1992, McDeid was admitted to the Minnesota Correctional Facility ("MCF") at Stillwater and he indicated his interest in the

sex offender program. On December 20, 1994, McDeid transferred to the MCF at Lino Lakes and began the assessment/orientation phase of the sex offender program. In August 1996, McDeid was released from MCF-Lino Lakes on a work release program, but the release was revoked when he violated a crucial condition: that he have no contact with juvenile males. (RA at 226, 243, 265-77.) He had visited his sponsor's home when the sponsor's children were present. McDeid was released a second time on February 4, 1997, and one month later, he began a relationship with a woman who had two young sons. McDeid's release was restructured several times but was again revoked for violating the terms of the release. (RA at 230, 263, 273-74.) McDeid returned to prison on February 8, 1999, to serve the remainder of his sentence.

Prior to McDeid's release date, the State of Minnesota filed a petition for judicial commitment seeking to commit McDeid as an SDP and an SPP. (RA 1-16.) The petition, dated April 2, 1999, described in detail McDeid's criminal conduct. (Id.) The Honorable Lois J. Lang presided over a two-day trial on May 10 and 12, 1999. (Id.) The court issued its Findings of Fact, Conclusions of Law, and Order of Commitment on July 22, 1999, and found that McDeid was an SDP and an SPP. (Id.) The court therefore committed McDeid to the sex offender program for an indeterminate length of

3

time. (Id.) McDeid appealed his commitment to the Minnesota Court of Appeals, which affirmed the commitment. (RA at 33-40.) The Minnesota Supreme Court denied review, and the United States Supreme Court denied McDeid's petition for a writ of certiorari. (RA at 42.)

In January 2002, McDeid filed a petition for habeas corpus relief in federal district court. (RA at 44-49.) McDeid challenged the constitutionality of his civil commitment and requested release from confinement. The District Court adopted this Court's Report and Recommendation, denying McDeid's habeas petition on the merits and dismissing his case with prejudice. (RA at 50.)

In August 2003, McDeid filed a state habeas corpus petition in Carlton County, Minnesota, District Court. (RA at 51-52.) On November 16, 2003, Carlton County District Court Judge Dale A. Wolf issued Findings of Fact, Conclusions of Law and Order for Judgment denying McDeid's habeas petition. (RA at 78-79.) McDeid appealed to the Minnesota Court of Appeals, which affirmed the district court decision. (RA at 81.) He then petitioned the Minnesota Supreme Court for review. (RA at 82.) The Minnesota Supreme Court denied review, and the United States Supreme Court denied McDeid's petition for a writ of certiorari. (RA at 84.)

On May 11, 2005, McDeid filed the instant petition, a second

petition for writ of habeas corpus with the federal court.  Petitioner challenges the constitutionality of his state civil commitment and seeks release from confinement.  On May 12, 2005, this Court issued an Order directing Respondent to file a return to the petition.  On June 13, 2005, Respondent timely filed its return to McDeid's habeas petition.

## II.     PETITIONER MCDEID'S CURRENT HABEAS CLAIMS

McDeid raises three claims in his second petition to this Court.  First, he claims that "petitioner's imprisonment/detainment is unconstitutional and void, being in contravention of Article I, Section 4 of the 1857 Constitution of Minnesota and its progeny." (Pet. at 5.)  In support of this claim, McDeid asserts that he "was civilly committed without the right to a jury trial . . ." (Id.)  Second, McDeid alleges that his "civil commitment . . . violates equal the Petitioner's right to Equal Protection." (Id.)  In support of this claim, McDeid cites "Art. I, sec. 4 of the Minnesota Constitution, the Minnesota Territorial Laws . . . and Amendments VII, and XIV of the U.S. Constitution." (Id.) McDeid's third ground for relief is that his "civil commitment without the right to a jury trial of his peers violates the Petitioner's right to Due Process of Law." (Id.)

In his current petition, McDeid attempts to challenge once again the validity of his civil commitment, and to seek, for the second time, release

from custody.  As such, McDeid's current habeas claims constitute a second, or successive, § 2254 challenge to his civil commitment that has been raised in his earlier habeas petition, and decided on the merits by the District Court. "A claim presented in a second . . . habeas corpus application . . . that was presented in a prior application shall be dismissed."  28 U.S.C. § 2244(b)(1). Furthermore, claims that were not presented in an applicant's first habeas petition must also be dismissed unless:

> the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; <u>and</u> the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b) (emphasis added); <u>see</u> <u>also</u> <u>Mathenia v. Delo</u>, 99 F.3d 1476, 1480 (8th Cir. 1996) (finding a habeas petition to be successive when raising challenges already decided on the merits in the prisoner's initial petition); <u>Willoughby v. United States</u>, No. Civ. 01-588, 2002 WL 31548082, at *2 (D. Minn. Nov. 12, 2002) (noting that a habeas petition raising a challenge to the same conviction of sentence that has been decided on the merits is successive even if the petition asserts new grounds for relief) (citing <u>Corrao v.</u>

United States, 152 F.3d 188, 191 (2d Cir. 1998)).

Here, McDeid's claims stem from the same order of commitment that he challenged in his first habeas petition. Where "[p]etitioner's first habeas petition was denied on the merits, his present petition – if it challenges the same convictions – is a 'second or successive petition' that cannot be entertained without pre-authorization from the Eighth Circuit Court of Appeals." Dunlap v. State of Minnesota, No. Civ. 05-786, 2005 WL 1324027, at *1 (D. Minn. June 1, 2005) (citing 28 U.S.C. § 2244(b)(3)); see also Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002) (holding that certification from the Eighth Circuit is prerequisite to filing a successive habeas petition with the District Court). It is clear that McDeid is raising a challenge to the same civil commitment he challenged in his earlier petition to the district court. Importantly, McDeid does not rely on a new rule of constitutional law, and he has not shown that he could not have discovered the factual basis for the claim before or that the facts underlying the claim would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant to be a SDP or a SPP. Accordingly, this Court finds that McDeid's current application is a successive habeas petition and recommends that it be dismissed for failure to obtain pre-authorization from the Eighth Circuit Court

of Appeals.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Ricky McDeid's Petition for a Writ of Habeas Corpus (Doc. No. 1) should be **DENIED.**


Dated: August 29, 2005             s/ Jonathan Lebedoff
                                   JONATHAN LEBEDOFF
                                   Chief United States Magistrate Judge


Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by September 16, 2005. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.